OPINION
On June 26, 1996, the Muskingum County Grand Jury indicted appellee, Suzanne Pedersen, on four counts of theft of drugs in violation of R.C. 2913.02. On December 19, 1996, appellee pled guilty to one count and the other three counts were dismissed. By judgment entry filed February 4, 1997, the trial court sentenced appellee to one year in prison, suspended in lieu of five years of probation. On December 30, 1999, the trial court discharged appellee from probation less than three years after her sentencing date. On February 4, 2000, appellee filed a motion for sealing and expungement of criminal record. A hearing was held on March 13, 2000. By judgment entry filed March 22, 2000, the trial court granted said motion. Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED WHEN IT ORDERED THAT THE RECORDS OF DEFENDANT/APPELLEE'S CRIMINAL CONVICTION BE SEALED AND EXPUNGED PRIOR TO THE EXPIRATION OF THREE (3) YEARS FROM THE DATE OF HER DISCHARGE FROM PROBATION.
 I
Appellant claims the trial court erred in granting appellee's motion for expungement because the request was premature. We agree. R.C. 2953.32(A)(1) provides for the time when an application for expungement may be made: Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor.
On February 3, 1997, appellee was sentenced on one count of theft of drugs, a fourth degree felony. The trial court sentenced appellee to one year in prison, suspended on the condition of probation for five years. On December 30, 1999, the trial court discharged appellee from her term of probation. On February 4, 2000, appellee filed a motion pursuant to R.C. 2953.32 which was granted by the trial court on March 22, 2000. The issue raised in this appeal is the meaning of the statutory language "at the expiration of three years after his final discharge if convicted of a felony." Appellee argues "final discharge" means the pronouncement of sentence and appellant argues it means completion of sentence and termination of probation. We find "final discharge" means at the termination of probation as it applies sub judice. We base this conclusion on the following reasons. The language of the statute has clear meaning. There is no need to look beyond the plain meaning of "discharge." R.C. 2951.06
provides that once an order of probation has been made by an appropriate court "[t]he defendant shall continue under the control and supervision of the adult parole authority * * * or the county department of probation." R.C. 2951.07 provides that the period of probation continues under the trial court's jurisdiction. Therefore, for purposes of the expungement statute, the three year time limitation does not begin to run until the probation order has been terminated by the trial court and the defendant is discharged from the supervisory powers of the appropriate probation department and the trial court. The sole assignment of error is granted.
The judgement of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed.